UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLAUDIA MARCELLA PARRA, as
Personal Representative of the Estate
of Wilfredo Rico Sandoval, deceased,

       Plaintiff,

v.                                      Case No: 2:13-cv-381-FtM-38CM

SAFETY-KLEEN SYSTEMS, INC.,

       Defendant.

## ORDER

Before the Court is Plaintiff's Motion to Compel Discovery and Production of Product Samples Pursuant to Fed. R. Civ. P. 37 (Doc. 43, "Motion to Compel") filed on February 27, 2014. Defendant Safety-Kleen Systems, Inc.'s ("Safety-Kleen") Opposition (Doc. 44) was filed on March 14, 2014. For the reasons stated herein, the Motion is denied without prejudice to be refiled, if necessary.

Claudia Marcella Parra, as personal representative of the Estate of Wilfredo Rico Sandoval, brings this wrongful death action arising out of decedent's alleged exposure to certain chemical solvents manufactured and supplied by Safety-Kleen to the decedent's employer, Arthrex, Inc. Plaintiff moves to compel Safety-Kleen to supplement its responses to initial interrogatories 1-3, 5-14, 16, and 21; requests to produce 2-3, 5-13, 16, 17, 19-27, and 29-30; and requests for sample testing of Safety-Kleen products.[1]

---

[1] Plaintiff seeks to obtain samples of four Safety-Kleen products for analytical testing.

Based upon the Court's review of the Motion to Compel and Opposition, as well as statements made by the parties regarding discovery in the Joint Motion to Continue Pretrial Deadlines (Doc. 46 at ¶¶ 6-7), it was evident that document production since the filing of the Motion to Compel had been ongoing. Therefore, the Court issued an Order directing the parties to update the Court regarding the status of the Motion to Compel, including which discovery responses were still at issue. Doc. 47.

On May 9, 2014, Safety-Kleen filed their Statement Regarding Meet and Confer Efforts, stating that it had amended its responses and supplemented its document production and it believed that Plaintiff's concerns raised in the Motion to Compel had been addressed. Doc. 49. Safety-Kleen stated that it continues to meet and confer with Plaintiff and intended to follow up on any missing information. *Id.* at 2. Plaintiff's Statement Regarding Meet and Confer Efforts, filed on May 12, 2014, states that in light of the document productions made by Safety-Kleen she will withdraw her Motion to Compel with respect to the interrogatories and requests for production, without prejudice, subject to further discovery by way of depositions of designated representatives of Safety-Kleen. Doc. 50.

As for the requests for sample testing, Plaintiff and Defendant have met and conferred and Safety-Kleen has advised that it does not maintain archived samples but could produce current samples subject to Plaintiff providing additional

---

These products are: 1) current sample of "virgin" Premium Gold; 2) current sample of recycled Premium Gold; 3) representative sample of "virgin" SK-105 solvent from the 2006-2009 timeframe, and 4) representative sample of recycled SK-105 from the 2006-2009 timeframe.

information as to the testing she seeks to obtain. *Id.* at 2-3. Thus, Plaintiff requests the parties be given additional time to resolve any remaining issues regarding sample testing without court intervention. *Id.* at 3.

Because the parties have informed the Court that they wish to continue to work together regarding the issues raised in the Motion to Compel without Court intervention, the Court will deny the Motion to Compel without prejudice to be refiled, if necessary.[2]

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion to Compel Discovery and Production of Product Samples Pursuant to Fed. R. Civ. P. 37 (Doc. 43) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of May, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

---

[2] Although Plaintiff requests additional time to work through the sample testing issue and does not specifically state that she withdraws her Motion to Compel in this regard, the Court believes that the arguments raised might need to be amended as the parties continue to work through it. Thus, the Motion to Compel will be denied without prejudice at this time. The discovery deadline was recently extended to January 2, 2015, which allows time for the parties to continue their efforts to resolve the issues raised. Doc. 48.